## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No.: 0:22-cv-60151

HARRISON RUDD,

      **Plaintiff,**

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC and CMRE FINANCIAL
SERVICES, INC. d/b/a CMRE FINANCIAL
SERVICES.

      **Defendants.**

_____/

### COMPLAINT

Plaintiff Harrison Rudd ("Plaintiff") sues Defendant Experian Information Solutions, Inc.,

Defendant Equifax Information Services, LLC, Defendant Trans Union, LLC, Defendant CMRE

Financial Services, Inc. d/b/a CMRE Financial Services (collectively, the "Defendants") for

violations of the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and

28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transacts

business here, and the complained conduct of Defendants occurred here.

### PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward

County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

4.      Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation, 1200 South Pine Island Road, Plantation, Florida 33324.

5.      Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

6.      Defendant Trans Union, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

7.      Defendant CMRE Financial Services, Inc. d/b/a CMRE Financial Services (the "CMRE" or "Defendant-CMRE") is a California corporation, with its principal place of business located in Brea, California.

## DEMAND FOR JURY TRIAL

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9.      On or about October 5, 2020, and October 22, 2020, Plaintiff sent detailed written disputes (collectively, the "Disputes") regarding the "CMRE Financial Services dated 11/4/19" account had by Plaintiff (the "Account") to Defendant TransUnion, Defendant Equifax, and Defendant Experian (collectively, the "Credit Reporting Agencies" or "CRAs").

10.     In response to the Dispute, the CRAs allegedly-notified Defendant-CMRE and (the "Creditor").

11.     Rather than taking the necessary action and conducting an appropriate investigation, Defendants failed to modify, delete or block the inaccurate information reported on Plaintiff's account and, instead, continue to report inaccurate information as to Plaintiff.

### ALLEGATIONS INVOLVING DEFENDANT-CMRE

12.     Defendant-CMRE is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

13.     On a date better known by Defendants, the CRAs allegedly notified Defendant-CMRE of Plaintiff's disputes.

14.     In response to the notice, it received from the CRAs regarding Plaintiff's disputes, Defendant-CMRE did not, and otherwise failed, to conduct a reasonable investigation into the Account the subject of the Disputes.

15.     In response to receiving notice from the CRAs regarding Plaintiff's disputes, Defendant-CMRE failed to correct and/or delete information it knew to be inaccurate and/or which Defendant-CMRE could not otherwise verify.

16.     Instead of conducting a reasonable investigation, Defendant-CMRE erroneously validated the subject account, and reported and continues to report inaccurate information as to Plaintiff to the CRAs.

17.     As of the filing of this Complaint, Defendant-CMRE, or anyone on Defendant-CMRE's behalf, has not contacted Plaintiff to further investigate the Disputes.

### ALLEGATIONS INVOLVING EXPERIAN

18.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

19.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

20.     On October 22, 2020, Plaintiff sent a detailed written dispute regarding the Account to Defendant Experian, of which stated in part as follows:

> Pursuant to FCRA §611(a), We are disputing the following entries and will expect that you complete the investigation within 30 days and send the updated report to the address below. If these inaccurate items are not verified within 30 days, we demand that they immediately be deleted from the credit report or we may need to file a complaint with the Federal Trade Commission and pursue all other available legal remedies.  If you claim that late payments and balances are verified, we hereby demand strict proof of every alleged late payment.  Additionally, please refrain from any contact other than mailing updated reports.
>
> **Reason for Dispute**:  **DISPUTE AS TO THE BALANCE LISTED AND ALLEGED LATE PAYMENTS**
>
> **CMRE Financial Services dated 11/4/19, $605 original creditor – E Med LLP**
>
> Please send the updated report after the 30-day investigation is completed and the items have been deleted to the address above.

21.     Despite receiving Plaintiff's dispute, Experian continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff, the likes of which was the subject of Plaintiff's dispute.

22.     Continuing to report Plaintiff's account status in this fashion is significant. By continuing to report Plaintiff's account status in this fashion, lenders believe Plaintiff has had a

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

23.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

24.     As of the filing of this Complaint, Experian, or anyone on Experian's behalf, has not contacted Plaintiff to further investigate the Disputes.

25.     Experian failed to conduct a reasonable investigation.

26.     Experian failed to review and consider all relevant information submitted by Plaintiff.

27.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Experian failed to correct the information.

28.     Experian's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

29.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute.

30.     Without any explanation or reason, Experian continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff.

31.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## ALLEGATIONS INVOLVING EQUIFAX

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about

33.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

34.     On October 22, 2020, Plaintiff sent a detailed written dispute regarding the Account to Defendant Equifax.

35.     Despite receiving Plaintiff's dispute, Equifax continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff, the likes of which was the subject of Plaintiff's dispute.

36.     Continuing to report Plaintiff's account status in this fashion is significant. By continuing to report Plaintiff's account status in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

37.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score, and showing this incorrect account status would cause a lower credit score to be generated.

38.     As of the filing of this Complaint, Equifax, or anyone on Equifax's behalf, has not contacted Plaintiff to further investigate the Disputes.

39.     Equifax failed to conduct a reasonable investigation.

40.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

41.     Equifax failed to conduct an independent investigation and, instead, deferred to the Creditors despite the evidence and/or information Plaintiff provided to it (Equifax).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

42.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, Equifax failed to correct the information.

43.     Equifax's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

44.     Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute.

45.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

46.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

## ALLEGATIONS INVOLVING TRANSUNION

47.     TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." TransUnion regularly obtains and analyzes financial information about

48.     TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

49.     On October 5, 2020, Plaintiff sent a detailed written dispute regarding the Account to Defendant TransUnion.

> Pursuant to FCRA §611(a), We are disputing the following entries and will expect that you complete the investigation within 30 days and send the updated report to the address below. If these inaccurate items are not verified within 30 days, we demand that they immediately be deleted from the credit report or we may need to file a complaint with the

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Federal Trade Commission and pursue all other available legal remedies.  If you claim that late payments and balances are verified, we hereby demand strict proof of every alleged late payment.  Additionally, please refrain from any contact other than mailing updated reports.

**Reason for Dispute**:  DISPUTE AS TO THE BALANCE LISTED

CMRE Financial Services dated 11/4/19, $605 original creditor — E Med LLP

Please send the updated report after the 30-day investigation is completed and the items have been deleted to the address above.

50.     Despite receiving Plaintiff's dispute, TransUnion continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff, the likes of which was the subject of Plaintiff's dispute.

51.     Continuing to report Plaintiff's account status in this fashion is significant. By continuing to report Plaintiff's account status in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

52.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score, and showing this incorrect account status would cause a lower credit score to be generated.

53.     As of the filing of this Complaint, TransUnion, or anyone on TransUnion's behalf, has not contacted Plaintiff to further investigate the Disputes.

54.     TransUnion failed to conduct a reasonable investigation.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

55.     TransUnion failed to review and consider all relevant information submitted by Plaintiff.

56.     TransUnion failed to conduct an independent investigation and, instead, deferred to the Creditors despite the evidence and/or information Plaintiff provided to it (TransUnion).

57.     TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in the Disputes; however, TransUnion failed to correct the information.

58.     TransUnion's reporting of inaccurate information the subject of the Disputes, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

59.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, choose to parrot the information it (TransUnion) received from the Creditors despite being in possession of evidence that the information was inaccurate.

60.     Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

61.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant Experian)

62.     Plaintiff incorporates by reference ¶¶ 9-17 and 18-31 of this Complaint.

63.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

64.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

65.     Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

66.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following:

(a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)     The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

(c)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

(d)     The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

(e)     The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

(f)     The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

(g)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; *and*

(h)     The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

67.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

68.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

69.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

70.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Experian)

72.     Plaintiff incorporates by reference ¶¶ 9-17 and 18-31 of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

73. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

74. Experian has negligently failed to comply with the FCRA.

75. The failures of Experian to comply with the FCRA include, but are not limited to, the following:

(a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b) The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

(c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

(d) The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

(e) The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

(f) The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

(g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; *and*

(h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

76. The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

77.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

78.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

79.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Equifax)

80.     Plaintiff incorporates by reference ¶¶ 9-17 and 32-46 of this Complaint.

81.     On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

82.     Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

83.     Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

84.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following:

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)     The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

(c)     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

(d)     The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

(e)     The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

(f)     The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

(g)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; *and*

(h)     The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

85.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

86.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

87.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

88.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

89.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant Equifax)

90.     Plaintiff incorporates by reference ¶¶ 9-17 and 32-46 of this Complaint.

91.     Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

92.     Equifax has negligently failed to comply with the FCRA.

93.     The failures of Equifax to comply with the FCRA include, but are not limited to, the following:

(a)     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(b)      The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

(c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

(d)      The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

(e)      The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

(f)      The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

(g)      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; *and*

(h)      The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

94.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

95.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

96.     As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

97.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant TransUnion)

98.      Plaintiff incorporates by reference ¶¶ 9-17 and 47-61 of this Complaint.

99.      On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

100.     TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

101.     TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

102.     TransUnion has willfully and recklessly failed to comply with the FCRA.

103.     The failures of TransUnion to comply with the FCRA include, but are not limited to, the following:

(a)      The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)      The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

(c)      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

(d)      The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

(e)      The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(f)     The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

(g)     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; *and*

(h)     The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

104.    The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

105.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

106.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

107.    As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

108.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 6**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Defendant TransUnion)

109.    Plaintiff incorporates by reference ¶¶ 9-17 and 47-61 of this Complaint.

110.    TransUnion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

111.    TransUnion has negligently failed to comply with the FCRA.

112.    The failures of TransUnion to comply with the FCRA include, but are not limited to, the following:

(a)    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

(b)    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

(c)    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

(d)    The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

(e)    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

(f)    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

(g)    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; *and*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(h)     The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

113.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

114.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

115.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

116.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant-CMRE)

117.    Plaintiff incorporates by reference ¶¶ 9-17 of this Complaint.

118.    On at least one occasion within the past two years, by example only and without limitation, Defendant-CMRE violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

119.    On at least one occasion within the past two years, by example only and without limitation, Defendant-CMRE violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

120.    On at least one occasion within the past two years, by example only and without limitation, Defendant-CMRE violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

121.    Upon information and belief, Defendant-CMRE was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

122.    When Defendant-CMRE received notice of Plaintiff's dispute from the CRAs, Defendant-CMRE could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

123.    Defendant-CMRE would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant-CMRE had reviewed its own systems and previous communications with the Plaintiff.

124.    Defendant-CRME's investigation was per se deficient by reason of these failures on Defendant-CRME's investigation of Plaintiff's dispute.

125.    As a direct and proximate result of Defendant-CRME's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) loss of time attempting to cure the errors in Plaintiff's credit; (iii) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (iv) reduction in credit score; and (v) apprehensiveness to apply for credit due to fear of rejection.

126.    Defendant-CRME's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

127.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant- CRME, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 8
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Defendant- CRME)

128.     Plaintiff incorporates by reference ¶¶ 9-17 of this Complaint.

129.     On at least one occasion within the past two years, by example only and without limitation, Defendant- CRME violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

130.     On one or more occasions within the past two years, by example only and without limitation, Defendant- CRME violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

131.     On one or more occasions within the past two years, by example only and without limitation, Defendant- CRME violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

132.     When Defendant- CRME received notice of Plaintiff's dispute from the CRAs, Defendant- CRME could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

133.     Defendant- CRME would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant- CRME had reviewed its own systems and previous communications with the Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

134.     Defendant- CRME's investigation was per se deficient by reason of these failures on Defendant-CRME's investigation of Plaintiff's dispute.

135.     As a direct and proximate result of Defendant- CRME's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) loss of time attempting to cure the errors in Plaintiff's credit; (iii) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (iv) reduction in credit score; and (v) apprehensiveness to apply for credit due to fear of rejection.

136.     Defendant- CRME's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

137.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant-AE, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances. circumstances.

Dated: January 20, 2022

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:   954-907-1136
Fax:   855-529-9540
*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com